12837

FARMERS & MERCHANTS BANK OF JOHNSONVILLE v. EADDY ET AL.

EADDY ET AL. v. FARMERS & MERCHANTS BANK OF JOHNSONVILLE ET AL.

(158 S. E., 785)

December, 1926.

40

*Messrs. Philip H. Arrowsmith,* and *C. C. Cannon,* for appellant,

*Mr. Preston B. Thames,* for respondent,

February 14, 1930.

The opinion of the Court was delivered by Mr. Justice Carter.

The action under the title first above stated was begun in the Court of Common Pleas for Florence County upon a note executed by J. T. Eaddy and indorsed by Hettie Eaddy and W. O. Eaddy. The defendants, J. T. Eaddy and Hettie Eaddy made default and judgment was entered against them; the defendant W. O. Eaddy, however, procured the appointment of a guardian *ad litem*, who as such answered the complaint, alleging the mental incapacity of W. O. Eaddy on his part to indorse the note, and that the bank had full knowledge of his disability.

By consent of counsel the case was referred to the master to take testimony and report his findings of fact and conclusions of law to the Court.

The master took the testimony and found that W. O. Eaddy, at the time of the transaction involved, was of such unsound mind as not to be able to understand or appreciate the nature of a business transaction and the liability incurred thereby; that the original indorsement was not his voluntary act, but was made upon undue and improper influence by his brother, J. T. Eaddy, and that the bank was guilty of negligence in allowing J. T. Eaddy to obtain and deliver to it a note signed by his incompetent brother.

In due time the plaintiff bank excepted to the master's report.

In the action under the title second above stated, W. O. Eaddy, by his committee and guardian *ad litem*, brought an action in the Court of Common Pleas for Florence County against the bank and other judgment creditors of J. T. Eaddy, asking that such judgments be declared of noneffect,

as liens against the land then apparently standing in the name of J. T. Eaddy, upon the ground that it had been conveyed by J. T. Eaddy to W. O. Eaddy by a deed, which, however, had not been recorded. The judgment creditors answered the complaint setting up their judgments as liens upon the land.

Prior to the commencement of this last action, the Union Wholesale Lumber Company became interested in purchasing the timber on the land, but was unwilling to accept title thereto in view of the litigation then pending, and the judgments against J. T. Eaddy.

The Union Wholesale Lumber Company offered $5,800 for the timber upon the land in question, and asked that it be permitted to pay this sum into Court pending the outcome of this litigation, and that a deed for the timber be made to it by the Court.

By consent of counsel this second action was referred to the master to take the testimony and report his conclusions of law and fact to the Court.

He found that the amount offered for the timber was adequate, and recommended a sale of the same and a deposit in Court of an amount sufficient to satisfy the judgments, should it be so ordered in this action.

The master reiterated his finding of the mental incapacity of W. O. Eaddy, a matter that was really irrelevant to the conclusions in the second action. He recommended that the judgments above referred to, be adjudged to constitute no liens upon the land in question. To this report the judgment creditors excepted.

By agreement of counsel the two cases were argued together, before his Honor, Judge Dennis, upon the exceptions filed in both cases with the understanding that one decree covering the issues in both cases be made.

An order was made by his Honor, Judge Dennis, directing the master to convey the timber upon the land referred to, to the proposed purchaser, the Union Wholesale Lumber

Company, upon the payment by it into the hands of the master of the purchase price above mentioned, and that the same be paid to the probate Judge to be held by him pending a decision in these cases.

His Honor, Judge Dennis, filed a decree in which he reversed the finding of the master, in the case first above mentioned, holding that the testimony satisfied him that W. O. Eaddy was of sufficient mental capacity to be bound by his indorsement upon the note and directing judgment against him thereupon for the sum of $1,640.24.

He also held that the judgments were liens prior in rank to the unrecorded deed from J. T. Eaddy to W. O. Eaddy.

From this decree, W. O. Eaddy by his guardian *ad litem* and committee has appealed to this Court.

The action first above stated was clearly an action at law and there being testimony which tended to establish the allegations of the complaint in that action, this Court is powerless to interfere with the conclusions of the circuit Judge. His judgment is equivalent to a verdict of a jury. It must therefore be concluded that the judgment of the *Bank v. W. O. Eaddy* must stand which solves the defense of the mental incapacity of W. O. Eaddy against him.

The question of the mental incapacity of W. O. Eaddy is not at all involved in the action second above stated, and the conclusion of the circuit Judge in reference thereto is satisfactory to the Court and must stand.

The judgment of this Court is that the judgment in the first above-stated case be affirmed, and that the decree as to the second above-stated action be affirmed also.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.